UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                    Case No. 8:10-CR-550-T-17MAP

**PAULA L. HORNBERGER**
_____/

## ORDER ON DEFENDANT'S ORAL MOTION

This cause is before the Court on Defendant Paula Hornberger's Oral Motion for Miscellaneous Relief, Specifically to Complain/Object to Late Discovery Disclosure/Brady Violation (Dkt. 555). Defendant contends she was prejudiced by the Government's late delivery of an exculpatory document purportedly signed by her. The document was provided by Witness #4, Mary Lou Bear ("Bear"), when Bear located the document in her personal files subsequent to testifying in this case. Bear notified the Government, which then promptly notified Defendant. Bear is subject to recall. It is unclear what relief Hornberger actually requests, as she actually styled her motion as a "Motion to Complain." For the reasons set forth below, Defendant's motion is **DENIED**.

At the outset, the Court notes that there is no such thing as a "motion to complain" in the Eleventh Circuit. The "motion to complain" appears to be an obscure procedural device used in certain state court systems, but it is not used in the state of Florida, nor anywhere else in this circuit. Thus, to the extent Defendant requests specific relief from the Court in response to the revelation of this allegedly exculpatory document, she should so state. Nonetheless, her motion is denied as procedurally deficient.

1

Lest there be any question as to the propriety of the Government's actions, however, the Court proceeds to the merits of Defendant's argument. The disclosure of potentially exculpatory information is controlled by *Brady v. Maryland*, 373 U.S. 83 (1963). "[T]o establish a *Brady* violation, a defendant must prove: (1) that the state possessed evidence favorable to the defendant; (2) that [the defendant] did not possess the evidence nor could he have obtained it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and, (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different." *United States v. Bailey*, 123 F.3d 1381, 1397 (11th Cir. 1997). That said, "[a] *Brady* violation can also occur if the prosecution delays in transmitting evidence during a trial, but only if the defendant can show prejudice, e.g., the material came so late that it could not be effectively used." *United States v. Beale*, 921 F.2d 1412, 1426 (11th Cir. 1991); *see United States v. Knight*, 867 F.2d 1285, 1289 (11th Cir. 1989) ("Appellants received the information during the trial and have failed to demonstrate that the disclosure came so late that it could not be effectively used; and thus they cannot show prejudice."); *United States v. Darwin*, 757 F.2d 1193, 1201 (11th Cir. 1985) ("We agree with those circuits holding that a defendant must show that the failure to earlier disclose prejudiced him because it came so late that the information disclosed could not be effectively used at trial."), *abrogated on other grounds as recognized in United States v. Darwin*, 897 F.2d 1099 (11th Cir. 1990).

Applying the foregoing legal principles to the instant case, it is plain that there cannot have been a *Brady* violation prior to the Government's receipt of the document or, further yet, its ascertainment of the document's existence. The Government is not bound to disclose that which it does not possess. Further, as soon as the Government became aware of the document, it

2

promptly disclosed it to the defense. Moreover, because Bear is subject to recall, it can hardly be said that this particular document "came so late that it c[an] not be effectively used" by the defense. *Beale*, 921 F.2d at 1426. Indeed, rather than having done something untoward, the Government appears to have acted quite laudably in this instance.

In sum, even if this Court construes Defendant's "Motion to Complain" as a properly styled motion objecting to late discovery disclosure or as a *Brady* motion, it still lacks merit and must fail. Accordingly, it is

**ORDERED** that Defendant's Oral Motion for Miscellaneous Relief, Specifically to Complain/Object to Late Discovery Disclosure/Brady Violation (Dkt. 555) be **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this 15th of March, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.